IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-274-FL
5:13-CV-773-FL

| | |
|---|---|
| DARNELL MICHAEL DUNN, )<br>)<br>Petitioner, )<br>)<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **MEMORANDUM AND<br>RECOMMENDATION** |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion filed on November 4, 2013 [D.E. #39].[1] The government has moved to dismiss Petitioner's motion for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) or, alternatively, for summary judgment; and Petitioner has responded. This matter was referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that the government's motion be granted and Petitioner's claims be dismissed.

---

[1] Petitioner references both 28 U.S.C. § 2255 and Rule 60(b) in the title of his motion. The court presumes that Petitioner is referring to Rule 60(b) of the Federal Rules of Civil Procedure, which is entitled "Relief From a Judgment or Order." Because Rule 60(b) applies only to civil suits, it provides no grounds for relief from the criminal judgment entered in this case. *See Taylor v. United States*, 2013 WL 3064056 (D. Md. June 14, 2013); Fed. R. Civ. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings in the United States district courts . . . .") (emphasis added).

## STATEMENT OF THE CASE

On December 13, 2011, Petitioner pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("count one"). On April 2, 2012, the court entered judgment sentencing Petitioner to a 134-month term of imprisonment. Petitioner did not appeal his conviction or sentence. Therefore, the judgment became final, at the latest, on April 16, 2012, the date upon which Petitioner declined to pursue direct appellate review. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (holding that judgment becomes final on the date entered where no appeal is taken), *called into question by Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner asserts five claims in his § 2255 motion: (1) his attorney rendered ineffective assistance by misadvising him to plead guilty to count one when the elements of that crime could not be satisfied; (2) his attorney rendered ineffective assistance because he failed to move to suppress certain statements used against Petitioner at sentencing; (3) his attorney rendered ineffective assistance because he failed to challenge the applicable statutory penalties based on an argument that he did not meet the 280-gram threshold in a single transaction; (4) that the two-level enhancement to his offense level violated *Alleyne v. United States*, 133 S. Ct. 2151 (2013); and (5) that his federal prosecution arose out of the conduct of a "vindictive" law enforcement officer.

2

Case 5:11-cr-00274-FL  Document 47  Filed 09/18/14  Page 2 of 10

## I.     Request for Appointment of Counsel

Petitioner's motion includes a request for appointment of counsel. There is no constitutional right to counsel in habeas corpus actions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas corpus proceeding if it determines that "the interests of justice so require." Petitioner's motion presents no issues of great legal complexity, and the undersigned, therefore, recommends that Petitioner's motion for appointment of counsel be denied.

## II.    Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of the following:

>  (1)  the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's motion was not filed within one year of any of the circumstances set forth in § 2255(f). Petitioner filed his § 2255 motion on November 4, 2013, more than eighteen months after his judgment became final in April 2012. Consequently, his motion is not timely under 28 U.S.C. § 2255(f)(1). Additionally, there is no allegation that the government impeded Petitioner's ability to file his § 2255 motion. *See* 28 U.S.C. § 2255(f)(2).

3

Nor is Petitioner's motion based upon a newly recognized right made retroactively applicable by the Supreme Court. *See* 18 U.S.C. § 2255(f)(3); *United States v. Powell*, 691 F.3d 554, 560 (4th Cir. 2012). To the extent Petitioner is relying on the Supreme Court's decision in *Alleyne* to argue his § 2255 motion is timely, his reliance is misplaced. *Alleyne* does not apply retroactively on collateral review. *Perdono v. Taylor*, No. 5:12-HC-2304-FL, 2014 WL 773555, at *6 n.3 (E.D.N.C. Feb. 25, 2014) (citing *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013)). Because the newly recognized right in *Alleyne* is not retroactively applicable, Petitioner's § 2255 motion is not timely under § 2255(f)(3).

Finally, Petitioner's claim is not timely due to newly discovered facts. For purposes of § 2255(f)(4), "facts" may include court rulings, such as a finding that the petitioner is not guilty of an offense. *See Johnson v. United States*, 544 U.S. 295 (2005) (vacatur of petitioner's state conviction was "fact" supporting his § 2255 challenge of career offender classification for purposes of § 2255(f)(4)). However, a legal decision that does not affect the validity of the petitioner's own underlying convictions is not a "new fact" for purposes of triggering the (f)(4) one-year period. *Walton v. United States*, No. 2:07-CR017-1F, 2013 WL 1309277 (E.D.N.C. Mar. 28, 2013) (collecting cases). Because the Fourth Circuit's ruling in *Alleyne* has no bearing on Petitioner's underlying conviction, it does not constitute a new fact rendering Petitioner's claim timely under § 2255(f)(4). Petitioner's claim was not filed within one year of any of the circumstances described in § 2255(f) and it is, therefore, not timely.

Even assuming *Alleyne* applies retroactively on collateral review, the ruling pronounced in *Alleyne* offers Petitioner no assistance. *Alleyne* established that any facts increasing a mandatory minimum sentence are elements of the crime, and therefore, must be submitted to a jury and proven beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2160. In this case, Petitioner

argues that the two-level enhancement to his offense level for possession of a firearm is governed by the new rule in *Alleyne* and should have been submitted to a jury. Petitioner's two-level enhancement, however, is not a fact *increasing the mandatory minimum*. The conspiracy count to which Petitioner pled guilty carried a statutory mandatory minimum of ten years' imprisonment and a maximum term of imprisonment of life. Petitioner received a sentence within that range (134 months). Accordingly, the enhancement of which Petitioner complains impacted the sentencing guideline range, but not the mandatory minimum. Thus, *Alleyne* would offer Petitioner no relief even if applied retroactively.

## III. Alternative Grounds for Dismissal

Moreover, had Petitioner timely raised his claims, they would nevertheless fail. With regard to the first, second, and third claims, Petitioner has failed to allege sufficient facts to support a claim of ineffective assistance of counsel. In addition, Petitioner's fourth and fifth claims are waived in his plea agreement (*see* Mem. Plea Agt. [D.E. #25] ¶ 2(c)).

### A. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. A guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not a "reasonably competent attorney" and the advice was not "within the range of competence demanded of attorneys in criminal cases." *Id.* at 687 (quoting *McMann v. Richardson*, 397 U.S. 759, 770, 771 (1970)). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the petitioner bears the burden of demonstrating that counsel's

5

assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. In the context of a plea, a petitioner "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner's first claim of ineffective assistance of counsel alleges that his counsel should not have advised him to plead guilty because the evidence was insufficient to support a conspiracy conviction [D.E. #39-2 at 4-5]. The record in this case establishes that Petitioner was charged not only with the conspiracy count to which he pled guilty, but also with one count of distributing twenty-eight grams or more of cocaine base and one count of possession with the intent to distribute five grams or more of cocaine base. According to the presentence investigation report ("PSR"), Petitioner sold a total of 3.14 kilograms of crack to three individuals over a period of four years. Petitioner's attorney may have reasonably relied on this kind of information in advising Petitioner how to proceed during plea bargaining. In addition, the many benefits of Petitioner's plea agreement indicate that counsel's advice was the product of sound strategy. *See Strickland*, 466 U.S. at 668, 694. Thus, Petitioner has not demonstrated that his attorney was not reasonably competent. Nor has Petitioner satisfied the prejudice prong of *Strickland*. Petitioner has failed to show that, absent his counsel's allegedly erroneous advice regarding his plea agreement he would have forgone a plea agreement and insisted on proceeding to trial on all three charges in the indictment. *See Hill,* 474 U.S. at 59. Therefore, Petitioner's first claim should be denied.

Petitioner's second claim of ineffectiveness alleges that his counsel was ineffective by failing to move to suppress the statements of Samuel Kelley and Paul Mitchell [D.E. #39-2 at 5-

6

6]. Because Petitioner pled guilty to count one, these statements were not used to convict Petitioner, but were potentially relevant only at sentencing. *See United States v. Wilkinson*, 590 F.3d 259, 269 (4th Cir. 2010) (holding that "the traditional rules of evidence are not applicable to sentencing proceedings" and that "a sentencing court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy"). As to this claim, Petitioner has not alleged the existence of any exculpatory evidence or facts to suggest that the statements are not reliable or accurate. Without more, Petitioner has not overcome the presumption that counsel's decision not to file a motion to suppress was the product of sound strategy and objectively reasonable. *See Strickland*, 466 U.S. at 668, 694. As for the prejudice prong, Petitioner merely states that counsel's "failures did in fact prejudice the petitioner to receive a longer sentence." [D.E. #39-2 at 5]. Petitioner fails to articulate what portions of the statements should have been suppressed and how that would have resulted in him receiving a shorter sentence. Petitioner has also failed to allege that he would have gone to trial but for counsel's failure to suppress the statements. *See Hill,* 474 U.S. at 59. Consequently, Petitioner has not sufficiently alleged that counsel acted unreasonably or that he was prejudiced as a result of counsel's failure to file a motion to suppress. Therefore, Petitioner's second claim should be denied.

Petitioner's third claim is that his attorney rendered ineffective assistance because he failed to challenge the applicable statutory penalties on the grounds that he did not meet the 280-gram threshold in a single transaction [D.E. #39-2 at 6-7]. However, the statutes under which Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute 280 grams or more of crack (count one) do not require a defendant to distribute a particular quantity of drugs in one transaction. *See* 21 U.S.C. §§ 841(a)(1) and 846. In fact, both the indictment and

7

the plea agreement specifically state that the conspiracy began "on or about December 8, 2005," and continued until "on or about April 8, 2010." (*See* Indictment [D.E. #1] at 1; Mem. Plea Agt. [D.E. #25] at 4.) Counsel, therefore, did not act in an objectively unreasonable manner by failing to challenge the statutory penalties because Petitioner's challenge is not supported by governing law. Additionally, Petitioner is not able to show that he was prejudiced as a result of counsel's actions in this regard. Thus, Petitioner's third claim fails to satisfy *Strickland* and should be denied.

### B. Waiver

The Government alternatively moves to dismiss Petitioner's fourth and fifth claims as barred by the waiver contained in his plea agreement.[2] A criminal defendant may waive his right to appeal or collaterally attack his conviction and sentence. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Appeal waivers are valid and enforceable where they are knowingly and voluntarily made. *Id.* However, such waivers are not without limits. "For example, a defendant [can] not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." *United States v. Marin,* 961 F.2d 493, 496 (4th Cir. 1992). Such errors could not have been reasonably contemplated at the time of plea and, therefore, fall outside the scope of a plea waiver. *United States v. Blick*, 408 F.3d 162, 171-72 (4th Cir. 2005).

Petitioner fails to demonstrate that his fourth and fifth claims are outside the scope of his plea waiver or that his plea agreement is voidable. Claims based on errors in interpreting or

---

[2] Petitioner agreed "[t]o waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed . . . and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." (Mem. Plea Agt. [D.E. #25] ¶ 2(c).)

applying the sentencing guidelines or due to supervening changes in the law do not fall outside the scope of a plea waiver. *See United States v. Johnson*, 410 F.3d 137 (4th Cir. 2005); *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999) (concluding that alleged error in enhancement for restraint of a victim is "an allegation of ordinary misapplication of guidelines that does not amount to a miscarriage of justice"). Petitioner's fourth claim – that the two-level firearm enhancement violated *Alleyne v. United States*, 133 S. Ct. 2151 (2013) – is such a claim.[3] In his fifth claim, Petitioner alleges that his federal prosecution arose out of the conduct of a "vindictive" law enforcement officer. Even if construed as prosecutorial misconduct, this claim fails as Petitioner's allegations establish that Petitioner was aware of the facts of this claim at the time he pled guilty in December of 2011. The language contained in Petitioner's plea waiver clearly contemplates these kinds of challenges, and Petitioner's fourth and fifth claims are therefore barred.[4]

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that Petitioner's request for appointment of counsel be DENIED, that the government's motion be GRANTED, and that Petitioner's claims be DISMISSED.

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the

---

[3] As set forth, above, Petitioner's *Alleyne* claim also fails on the merits because the firearm enhancement of which he complains did not impact the mandatory minimum sentence in his case. *See supra* pp. 4-5.

[4] Petitioner's fourth and fifth claims also appear to be procedurally defaulted. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (explaining that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice).

9

District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 18th day of September 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge