IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-274-FL
No. 5:13-CV-773-FL

| | | |
|---|---|---|
| DARNELL MICHAEL DUNN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate judgment or set aside sentence pursuant to 28 U.S.C. § 2255, (DE 39), and respondent's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56, (DE 43). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank issued a Memorandum and Recommendation ("M&R"), wherein it is recommended that the government's motion to dismiss petitioner's § 2255 motion be granted. (DE 47). Petitioner filed objections thereto and respondent filed a reply. (DE 48, 49). In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the M&R and grants defendant's motion to dismiss.

**BACKGROUND**

On December 13, 2011, petitioner pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute and possess with intent to distribute 280 grams or more of

cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On April 2, 2012, this court sentenced petitioner to a 134-month term of imprisonment. Petitioner did not appeal his conviction or sentence. The judgment became final on April 16, 2012, the date on which petitioner declined to pursue direct appellate review.

On November 4, 2013, petitioner filed the instant § 2255 motion asserting five claims: (1) that his attorney rendered ineffective assistance by misadvising him to plead guilty when one of the elements of the crime could not be satisfied; (2) that his attorney rendered ineffective assistance by failing to move to suppress certain statements used against petitioner at sentencing; (3) that his attorney rendered ineffective assistance because he did not challenge the applicable statutory penalties based on an argument that petitioner did not meet the 280-gram threshold in one transaction; (4) that the two-level enhancement to his offense level violated Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151 (2013); and (5) that his federal prosecution arose out of the conduct of a "vindictive" law enforcement officer. The government has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the claims are untimely.

The magistrate judge entered M&R on September 18, 2014. (DE 47). The M&R recommends that petitioners claims be dismissed as untimely. (Id.). Alternatively, the M&R recommends that each of petitioner's claims be dismissed on the merits. (Id.).

## DISCUSSION

**A.**   **Standard of Review**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a

2

specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.     Objections**

Petitioner raises objection to the M&R's determination that his petition was untimely. Petitioner so challenges this recommendation on two grounds.  First, petitioner argues that Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151 (2013), applies retroactively, thereby giving him until June 17, 2014, one year from the date of the Alleyne opinion, to file his motion.  Second, petitioner contends the one-year statute of limitations does not apply to him under the doctrine of "actual innocence." He asserts he is actually innocent of the sentencing enhancements and drug amounts used in calculating his sentence. The court addresses these arguments in turn.

First, petitioner argues that his time to file a § 2255 motion had not expired on November 4, 2013.  Petitioner urges the court to hold that the Supreme Court, in Alleyne, recognized a new "right . . . [which was] made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); see DE 48 at 2.  If that were true, the one-year statute of limitations on petitioner's motion would begin to run on the day the opinion was filed, pursuant to § 2255(f)(3).  However, this court has previously held Alleyne does not apply retroactively on collateral review. See Barber v. United States, No.  5:08-CR-279-FL-1, Order at 3 (E.D.N.C. Nov.  20, 2014) (citing Simpson v. United States, 721 F.3d 875 (7th Cir.2013); United States v. Stewart, 540 F. App'x. 171, 172 n.1

3

(4th Cir. 2013)); see also Perdondo v. Taylor, No. 5:12-CV-2304-FL, 2014 WL 773555, at *6 n.3 (E.D.N.C. Feb. 25, 2014). Thus, the court declines to revisit its holdings in Barber and Perdondo and apply Allyene retroactively.

Next petitioner argues he is actually innocent of his sentencing enhancement, in light of McQuiggin v. Perkins, __ U.S. __, 133 S. Ct. 1924 (2013). The actual innocence standard is demanding and requires "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Id. at 1936 (quoting Schlup v Delo, 513 U.S. 298, 316 (1995)). In cases where actual innocence is present, the petitioner need not comply with the timeliness requirements of § 2255. McQuiggin, 133 S. Ct. at 1936. However, the Fourth Circuit has recently declined to extend the reasoning of McQuiggin to actual innocence in the context of sentencing. United States v. Jones, 758 F.3d 579, 584-85 (4th Cir. 2014). The court noted that actual innocence is limited to a very confined category of cases and requires the court to inquire as to whether no reasonable juror would have voted to *convict*. See id. at 584. Thus, actual innocence does not extend to sentencing enhancements.

In addition, petitioner's actual innocence assertion is belied by his sworn statements made under oath during his plea colloquy. United States v. Lemaster, 403 F.3d 216, 222-23 (4th Cir. 2005). Accordingly, petitioners objections are overruled. Whereas petitioner's motion was filed 18 months after his conviction and sentence became final, petitioner's motion is untimely.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are

4

adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483 (2000). Applying the applicable standard, the court determines that a certificate of appealability is not warranted under the circumstances of this case.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objection has been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendation of the magistrate judge (DE 47). Consequently, the court GRANTS the government's motion to dismiss (DE 43), and DENIES petitioner's motion (DE 39). A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this 26th day of November, 2014.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge