IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-274-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DARNELL MICHAEL DUNN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for reconsideration of the court's August 12, 2015, order reducing defendant's sentence, entered pursuant to 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10(c), and U.S.S.G. Amendment 782. For the reasons that follow defendant's motion for reconsideration is denied.

**COURT'S DISCUSSION**

Defendant moves for reconsideration of an order amending his sentence, entered under 18 U.S.C. § 3582(c)(2). "The law closely guards the finality of criminal sentences against judicial change of heart." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (internal quotations omitted). A district court "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(b), "unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Federal Rule of Criminal Procedure 35 expressly permits the court to do so." Goodwyn, 596 F.3d at 235; 18 U.S.C. § 3582(c)(2).

Defendant now asks the court to reconsider its judgment. Defendant's motion, however, cannot be read as one to correct a technical error. See Fed. R. Crim. P 35(a). Further, defendant's argument goes far beyond contentions that the court's 120-month sentence was clear error, where

he asks the court to reconsider his sentence in light of his post-sentencing good conduct. Therefore, the court is without jurisdiction to entertain the motion.

## CONCLUSION

Based on the foregoing, defendant's motion for reconsideration is DENIED.

SO ORDERED, this the 11th day of September, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

2

Case 5:11-cr-00274-FL   Document 58   Filed 09/11/15   Page 2 of 2